IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cathy Robinson and Ronnie Lee George, as personal representatives for the Estate of Gary Lance George, | ) ) ) | |
| | ) | C/A No. 6:24-cv-04620-DCC |
| Plaintiffs, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Vulcan Materials Company; Vulcan Construction Materials, LLC; and Vulcan Lands, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This matter comes before the Court on Vulcan Materials Company's ("Vulcan Materials") motion to dismiss for lack of personal jurisdiction. ECF No. 12. For the reasons discussed below, the motion is denied.

**I. BACKGROUND**

On the night of January 7, 2022, Gary Lance George ("George") died after falling over 100 feet into Lakeside Quarry, an open-pit mine in Greenville County, South Carolina. ECF No. 9 at 1–2. In August 2024, Plaintiffs, as personal representatives of George's estate, sued Vulcan Materials, the alleged operator of Lakeside Quarry, in South Carolina state court. ECF No. 1-1. Plaintiffs generally assert that George "would not have fallen to his death . . . had there been . . . adequate fencing, signage, lighting, surveillance, and security to prevent pedestrians from entering the premises." *Id.* at 4. After the case was removed to federal court, Plaintiffs amended their complaint to add Vulcan Construction Materials, LLC and Vulcan Lands, Inc. as defendants. ECF Nos. 8,

9.   Vulcan Materials now moves to dismiss, arguing that the Court lacks personal jurisdiction over it.  ECF No. 12.  This motion is fully briefed and ready for review.  ECF Nos. 13, 14.

## II. APPLICABLE LAW

### A.  Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction.  When a court considers a Rule 12(b)(2) motion on the "motion papers, supporting legal memoranda[,] and the relevant allegations of [the] complaint" without holding an evidentiary hearing, the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge."  *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  In deciding whether the plaintiff has made such showing, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."  *Id.*  The court will not, however, "credit conclusory allegations or draw farfetched inferences."  *Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (quoting *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. 2000)).

### B.  Personal Jurisdiction Generally

Personal jurisdiction refers to a court's "power to exercise control over the parties." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction comports with the Fourteenth Amendment's Due Process Clause.  *Ellicott Mach. Corp. v. John Holland*

*Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993). Where, as here, the forum state's long-arm statute extends to the limits of federal due process, the two-part inquiry collapses into a single due process analysis. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). The Due Process Clause of the Fourteenth Amendment prevents a federal court from exercising jurisdiction unless the defendant has "such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable' . . . and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

The Supreme Court has recognized two types of personal jurisdiction: general and specific. *Id.* General jurisdiction attaches when a defendant's connections with the forum state "are so continuous and systematic as to render [it] essentially at home" there. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (internal quotation marks omitted). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

The second type of personal jurisdiction — specific jurisdiction — exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). To determine whether specific jurisdiction exists, courts in the Fourth Circuit consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397

(4th Cir. 2003) (quoting *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002)).  "The plaintiff must prevail on each prong."  *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016).

For the first prong, a defendant has purposefully availed itself of the benefits and protections of the forum state's laws if the defendant "deliberately has engaged in significant activities within [the forum]" or "has created continuing obligations between [itself] and residents of the forum."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (internal quotation marks omitted).  The purposeful-availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts," or due to "the unilateral activity of another party or a third person."  *Id.* at 475 (internal quotation marks omitted).

For the second prong — whether the plaintiff's claims arise out of or relate to the defendant's activities directed at the forum — "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State."  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (internal quotation marks omitted and alteration in original).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Id.*

And for the third prong, the court considers whether the exercise of jurisdiction "would comport with 'fair play and substantial justice.'"  *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).  In doing so, the court weighs

> [1] the burden on the defendant, [2] the forum State's interest in adjudicating the dispute, [3] the Plaintiff's interest in obtaining convenient and effective relief, [4] the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and [5] the shared interest of the several States in furthering fundamental substantive social policies.

*Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (4th Cir. 2001) (quoting *Burger King*, 471 U.S. at 477). This inquiry "makes sure that 'litigation is not so gravely difficult and inconvenient as to place the defendant at a severe disadvantage in comparison to his opponent.'" *dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 135 (4th Cir. 2023) (quoting *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 296 (4th Cir. 2009)).

### III. DISCUSSION

As an initial matter, Plaintiffs do not argue that Vulcan Materials — a New Jersey corporation with its principal place of business in Alabama — is subject to general jurisdiction in South Carolina. ECF No. 9 at 4. The Court therefore focuses its analysis on whether specific jurisdiction exists.

In support of its motion to dismiss, Vulcan Materials submits an affidavit from Laura W. Hume ("Hume"), an attorney with "personal knowledge of the corporate structure of Vulcan Materials Company and its subsidiaries." ECF No. 12-1 at 1. Hume states that Vulcan Materials operates solely as a "holding company and trade name" with no "involvement in the operation, management, or oversight of the Lakeside Quarry." *Id.* She further asserts that Vulcan Materials does not own property in South Carolina, maintain offices or bank accounts in the state, have a South Carolina phone number, or negotiate or enter into contracts with South Carolina entities. *Id.* at 1–2. Based on these assertions, Vulcan Materials contends that specific jurisdiction is lacking. ECF No. 12 at 4.

Plaintiffs dispute the claim that Vulcan Materials is a mere holding company with no connection to South Carolina.  They note that Vulcan Materials is registered to do business in the state and point out that the company describes itself as the "nation's largest producer of construction aggregates" and as having a "coast-to-coast footprint." ECF No. 13 at 4.  Plaintiffs also provide several screenshots from Vulcan Materials' website to support their position.  One screenshot features a map of South Carolina showing the locations of 18 distribution yards and stone quarries in the state, including Lakeside Quarry.  *Id.* at 5.  Another screenshot displays a facility page for Lakeside Quarry, which includes a local address, a local phone number, and contact information for a sales representative.  *Id.* at 6.  The page also provides links for purchasing products and obtaining materials estimates.  *Id.*  Additionally, Plaintiffs have submitted a screenshot from Google Maps depicting the entrance to Lakeside Quarry, where a sign prominently displays the name "Vulcan Materials Company."  *Id.* at 9.  Plaintiffs argue that this evidence, taken together, demonstrates that Vulcan Materials purposefully availed itself of the privilege of conducting activity in South Carolina.

At this stage of the proceedings, the Court agrees with Plaintiffs and finds they have made a prima facie showing of purposeful availment.  Vulcan Materials holds itself out to the public as "having facilities in South Carolina, doing business in South Carolina, and operating the Lakeside Quarry in South Carolina."  *Id.* at 8.  As a result, it "should reasonably [have] anticipate[d] being haled into court" in South Carolina.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); s*ee also Norfolk S. Ry. Co. v. Vulcan Materials Co.*, No. 3:22-2168-MGL, 2023 WL 4034491, at *2–3 (D.S.C. June 15,

2023) (finding sufficient minimum contacts between Vulcan Materials and South Carolina).

The remaining requirements for specific jurisdiction are also satisfied. First, Plaintiffs' claims clearly arise out of Vulcan Materials' South Carolina-directed conduct and its operation of Lakeside Quarry. Second, exercising jurisdiction over Vulcan Materials "would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). South Carolina has a "'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Id.* at 473 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). And Plaintiffs, both South Carolina residents, have a "substantial interest in the convenience of litigating" in their home state and chosen forum. *ESAB Grp.*, 685 F.3d at 393. Vulcan Materials, on the other hand, has not shown that it would be significantly burdened by having to defend itself in South Carolina. Nor is there any indication that the parties could resolve this dispute more efficiently in another forum or that allowing this case to proceed against Vulcan Materials would hinder any "substantive social policies." *Id.* (quoting *Burger King*, 471 U.S. at 477).

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiffs have made a prima facie showing of personal jurisdiction over Vulcan Materials. Thus, Vulcan Materials' motion to dismiss for lack of jurisdiction [12] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 20, 2024
Spartanburg, South Carolina